UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.: 1:18-cv-22678-RNS

OPEN ACCESS FOR ALL, INC.,
and ANDRES GOMEZ

  Plaintiff,

v.

MIAMI AUTOMOTIVE RETAIL, INC. d/b/a
Brickell Buick & GMC,

  Defendant.

_____/

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT

  The Defendant, Miami Automotive Retail, Inc. d/b/a Brickell Buick & GMC, replies to Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint and Memorandum of Law (ECF 12). For a variety of reasons, the Plaintiffs have failed to meet the issues presented by the Defendant, and have not cogently established their entitlement to proceed on the attempted claim under the factual circumstances of this claim, and under the law as interpreted in this Circuit. The Motion to Dismiss should be granted because from the Complaint itself it can be seen that the website in question does not constitute a place of public accommodation as defined by the clear weight of case law in this Circuit and District. Even when all proper factual allegations in the Complaint are taken as true, relief could not be granted based the case law in this jurisdiction.

## I.
## THE PLAINTIFFS MISCONSTRUE THE APPROPRIATE LEGAL ANALYSIS FOR A MOTION TO DISMISS.

The Plaintiffs cite *Hon v. Kmart Corp.*, 2015 U.S. Dist. LEXIS 187857 (S.D. Fla. 2015) for the proposition that a court should "draw on its judicial experience to arrive at the conclusion that Defendant's website is not accessible to visually impaired disabled individuals and is violative of the ADA." (ECF 12 at 5).  While *Hon v. Kmart Corp.* does recommend the use of "judicial experience" it does so exclusively in the context of determining the amount-in-controversy for diversity jurisdiction purposes.  *Hon*, *supra*, at 1.  The contention of this case has nothing to do with the purpose the Plaintiffs would have the case put to.

The Plaintiffs' reliance on *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984), is also misplaced.  While *Hishon* does address the point that "the complaint should be construed in the light most favorable to the plaintiff, and all facts alleged by the Plaintiff are accepted as true" (ECF 12 at 2), it also clearly holds that a claim can be dismissed when "no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon*, 467U.S. at 73.  As noted in the Motion to Dismiss, this standard for dismissal has been met.

## II.
## PLAINTIFFS INCORPORATE AN INCORRECT ANALYTIC LEGAL STANDARD.

Throughout their Opposition, the Plaintiffs conflate concepts of pleading at the commencement of a case with evidence to be presented by dispositive motion or during trial.  The Plaintiffs begin their argument with the suggestion that the Court should take "judicial notice" that the Motion to Dismiss fails to "[offer] any evidence that Defendant's Website is accessible to blind and visually impaired users . . .", and that by such silence the "Defendant admits that blind and visually impaired individuals are unable to effectively communicate with Defendant" regarding the reservation of automobiles for purchase, reviewing the inventory available, the sale of

automobile parts and servicing of automobiles. (ECF 12 at 2). They also assert that the Motion must fail because not "a scintilla of evidence" has been presented. (ECF 12 at 4). That argument[1] is completely without merit in the analysis of a motion to dismiss, which – as counsel for the Plaintiffs undoubtedly knows – is not the instrument by which to contest a plaintiff's alleged evidence. More significantly, and contrary to the Plaintiffs' conclusory assertion, the Defendant's website is not a "gateway" to the physical premises, as is seen by analysis of the Eleventh Circuit and Florida District Court cases enumerated in the Motion.

Plaintiffs later conclude their argument by repeatedly proclaiming that the "facts in evidence" establish an injury in fact, that they have established a substantial likelihood that they will somehow suffer in the future and that "[t]here are sufficient facts in evidence to ascertain that Defendant's Website acts as a gateway to (and extension of) its automobile dealership and automobile service repair facilities." (ECF 12 at 19). According to the Plaintiffs, the Defendant "has not provided a scintilla of evidence to refute these facts in evidence" (ECF 12 at 17) or evidence sufficient to "exonerate Defendant by stating that its Website is accessible and interfaces with screen reader software." (ECF 12 at 19).

Plaintiffs have applied an incorrect analytical model. The Defendant does not seek to prove its case in the Motion to Dismiss[2], and we are not at this point concerned with the "evidence." Defendant's argument is that its website is analogous to other cases in which courts have granted

---

[1] Plaintiff urges the application of a Latin phrase translating to "He who is silent is taken to agree." No citation to this phrase or translation is provided, however, nor is there a discussion of any authority for the proposition that one who moves to dismiss a pleading for failure to state a claim is obliged to submit evidence to disprove the attempted claim.

[2] Neither party has requested, nor has the Court given notice under Fed. R. Civ. P. 12(d) that matters outside the pleadings will be considered on this motion. Therefore, the exhibits attached to Plaintiff's Opposition should be excluded by the Court at this juncture, and the motion should not be treated as a Rule 56 motion for summary judgment.

motions to dismiss where a website, no matter how inaccessible, did not impede access to the physical location.  The present claim should be dismissed because the Defendant's website does not impede the Plaintiffs' access to the physical location at which the Plaintiffs can obtain all the benefits available to Defendant's patrons who are not visually impaired.

### III.
### PLAINTIFFS' CLAIM MUST FAIL ON THE MERITS BECAUSE DEFENDANT'S WEBSITE IS NOT A PLACE OF PUBLIC ACCOMMODATION AND BECAUSE IT DOES NOT IMPEDE ACCESS TO THE PHYSICAL LOCATION.

The Plaintiffs appear to be advancing the incorrect notion that virtually all business websites are places of public accommodation.  For example, the Plaintiffs contend that "Based on the plain language of the ADA, a website is a public accommodation because it is a private entity that provides goods and/or services, which fall into the categories enumerated within [the ADA]."  (ECF 12 at 10).  The Plaintiffs accuse the Defendant of misleading the Court "in claiming websites are not places of public accommodation."  (ECF 12 at 16).  Neither statement is correct.  The Defendant has not asserted the blanket conclusion that "websites are not places of public accommodation" as Plaintiffs incorrectly reproach.  (ECF 12 at 16).  The point of Defendant's Motion to Dismiss (ECF 11) is that although Brickell Buick & GMC's physical store location is a place of public accommodation, the specific website in question is not a place of public accommodation as defined in the Eleventh Circuit.

Try as they may to create distinctions between this case and the controlling and persuasive precedents of the Eleventh Circuit and this District, the Plaintiffs cannot get beyond the plain fact that an inability to access all features of this Defendant's website does not impede the Plaintiffs' full use and enjoyment of the brick and mortar premises.  See *Gomez v. Bang & Olufsen America, Inc.*, Case 1:16-cv-23801-JAL (ECF 24) (S.D. Fla. 2017) at 4.  The Plaintiffs attempt to assert the requisite impediment by broadly contending that their access to the physical location has somehow

been impeded by an inability to comprehend the website (ECF 12 at 18), but offer no factual basis for the conclusion. The contention that frustration over inability to fully access the website has left them bereft of hope that they can ever purchase an automobile from the Defendant (ECF 12 at 6) is equally unavailing. Nothing on Defendant's website is a prerequisite to access to the premises or to telephone communications to perform all functions necessary to the purchase of any automobile parts, automobiles or service of any vehicle of Plaintiffs' choice.

That reality is what separates the present claim from *Rendon v. Valleycrest Prods.*, 294 F.3d 1279 (11th Cir. 2002), where the inability to participate in a telephone audition completely deprived the plaintiff of any opportunity to qualify as a contestant on the game show conducted in a physical television studio. This is because the *only* method to participate was a telephone audition system, thereby excluding individuals who, because of disability, could not use the telephone audition system. *Id*. In *Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp.3d 1340 (S.D. Fla. 2017) the court found the website to be a place of public accommodation (but did not reach the issue of whether the website was a place of public accommodation in and of itself) because the inaccessible website provided coupons not available elsewhere, and also allowed a customer to present digital coupons through the website and have them pre-applied at the time of checkout in the store. The website therefore operated as a "gateway" to use of the physical store location by offering features not otherwise available to those who could not utilize the website. In the present case, the Plaintiffs' Complaint affirmatively recognizes that reviewing the inventory of the dealership, purchasing automobile parts and servicing of vehicles are offered on both the website and at the physical location, defeating the Plaintiffs' assertion that the website operates as a gateway to the physical store location. (ECF 12 at 14). Plaintiffs incorrectly argue that *Winn Dixie* was decided simply because the store had "denied plaintiff equal enjoyment of its goods and

services as offered to the public". (ECF 12 at 14). That contention is overly expansive because *Winn Dixie* was decided on the basis of features in the website that could not be provided at the store.

The opposite result has consistently inhered in Southern and Middle District cases exploring this issue, including *Access Now v. Southwest Airlines*, 227 F. Supp. 2d 1312 (S.D. Fla. 2002) (inability to access website's virtual ticket counter not an impediment to a physical, concrete place of public accommodation); *Kidwell v. Fla. Comm'n on Human Rels.*, Case No: 2:16-cv-403-FtM-99CM, 2017 U.S. Dist. LEXIS 5828 (M.D. Fla. 2017) (online ticket website for amusement park not a place of public accommodation); *Gomez v. Bang & Olufsen America, Inc.*, Case 1:16-cv-23801-JAL (ECF 24) (S.D. Fla 2017) (claim for inaccessibility of a website requires both impeded access to a specific, physical concrete space and a nexus between the website and the physical place); and *Gomez v. La Carreta Enters.*, Case No. 17-61195-CIV-DIMITROULEAS, 2017 U.S. Dist. LEXIS 202662 (S.D. Fla. December 7, 2017) ("Plaintiff has not plausibly alleged that the inaccessibility of lacarreta.com has impeded his access to the physical location, so the Amended Complaint is dismissed.") Thus, the clear pattern of all these holdings is that there is no ADA accessibility claim where the imperfection in the website does not preclude access to the physical location.

Plaintiffs ineffectively seek to distinguish *Access Now v. Southwest Airlines, supra,* on the mere basis that the decision is sixteen years old and therefore "discount[s] the importance . . . that Websites play in the modern shopping experience." (ECF 12 at 12). While incorrectly citing the respective district court and Eleventh Circuit opinions (ECF 12 at 12), Plaintiffs also misdirect the focus to the fact that the Eleventh Circuit declined to hear the nexus argument because it was raised

for the first time on appeal.  The simple fact is that by not reaching the issue, the Eleventh Circuit left standing the district court's dismissal of the complaint.

The Plaintiffs' efforts to distinguish *Stevens v. Premier Cruises, Inc.*, 215 F. 3d 1237, 1241 (11th Cir. 2000) is of no moment.  The Defendant did not cite to *Stevens* as precedent for the Motion to Dismiss, but cited *Stevens* only as a case (along with *Rendon, supra*) from which a different quote in *Southwest* was derived.

Plaintiffs attempt to overcome the weight of the consistent line of persuasive authority by reliance on cases decided in other jurisdictions.  (ECF 12 at 8-11, 18).  Reliance on various cases in state and federal courts in Vermont, Massachusetts and California is of little assistance where there is an abundance of jurisprudence on this issue in the Eleventh Circuit and in the Southern and Middle Districts of Florida, as discussed in the Motion and herein.  The Plaintiffs' analyses of the decisions from other jurisdictions concludes that "The Website [in this case] clearly complements and enhances a multitude of services provided by Defendant's auto dealership, which are available and open to the general public."  (ECF 12 at 13).  Nowhere do the Eleventh Circuit cases find that a given website constitutes a place of public accommodation if it "complements and enhances" a defendant's services.  The clearly expressed standard in this Circuit is that there must be ***both*** a nexus between the website and the physical location, ***and*** the website itself must operate as a gateway to even be able to use the physical location.

### IV.
### CONCLUSION.

For all the reasons stated in the Motion to Dismiss (ECF 11) and hereinabove, the Defendant respectfully requests that the Complaint herein be dismissed for failure to state a claim, and further requests such other relief as shall be appropriate.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of September 2018, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

                                        COLE, SCOTT & KISSANE, P.A.
                                      *Counsel for Defendant* MIAMI AUTOMOTIVE RETAIL, INC. d/b/a Brickell Buick & GMC
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
P.O. Box 569015
Miami, Florida 33256
Telephone (305) 350-5338
Facsimile (305) 373-2294
Primary e-mail: edward.polk@csklegal.com
Secondary e-mail: michael.logan@csklegal.com

By: s/ Edward S. Polk
     EDWARD S. POLK
     Florida Bar No.: 239860
     MICHAEL P. LOGAN
     Florida Bar No.: 301467

2160.0177-00/10812270